UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/28/2016
```

JAMES EARL EVANS,

      Plaintiff,

-against-

ARAMARK FOOD AND COMMISSARY
SERVICES OF ORANGE COUNTY
CORRECTIONAL FACILITY,

      Defendant.

14 cv 6469 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  James Evans ("Plaintiff") brings this action against Aramark Food and Commissary Services of Orange County Correctional Facility[1] ("Defendant") alleging a violation of his right to freedom of religion under the First Amendment, as well as a violation of his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment. Before the Court is the Defendant's motion to dismiss. Plaintiff has not submitted opposition to the Defendant's motion.[2] For the following reasons, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

  The following facts are derived from the § 1983 Complaint filed by Plaintiff. In or around July of 2014, Plaintiff began a period of incarceration at Orange County Correctional Facility ("OCCF"). (Compl. ECF No. 1, at 1.) At this time, Plaintiff notified OCCF that he was a Muslim and was fasting for Ramadan. (*Id.* at 3.) According to Plaintiff, he was "forced to save

---

[1] As noted by Plaintiff's submission, Defendant is incorrectly named as Aramark Food and Commissary Services of Orange County Correctional Facility. The entity is correctly known as Aramark Correctional Services, LLC. (*See* Memorandum of Law in Support of Defendant's Motion to Dismiss, ECF No. 27, at 5.)

[2] Plaintiff did not submit any written opposition to Defendant's motion, and the deadline for reply has long passed. The Court will therefore consider the motion unopposed.

[his] food from sunrise to sunset." (*Id.*) Plaintiff was served a breakfast consisting of an apple, some slices of bread, a hardboiled egg, and milk, as well as a dinner consisting of a salad and wheat bread. (*Id.*) Plaintiff alleges that Defendant violated OCCF's rules by serving a fasting inmate less than other inmates, which also constitutes a First Amendment violation by inhibiting his free exercise of religion. (*Id.*) In addition, Plaintiff alleges that the Defendant infringed on his Eighth Amendment rights because his meals did not amount to a 2,000 calorie diet. (*Id.*)

Plaintiff reports that he did not file a grievance with regards to these issues but that "everyone [he] asked refused to give [him a grievance form,] and [he] was told the problem would be fixed." (*Id.* at 4.) Plaintiff alleges that he was "never allowed to" file a grievance. (*Id.*)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v.*

*Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe,* No. 12 CIV. 1343 ALC, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

## DISCUSSION

### A. Exhaustion

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Exhausting all remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09 CIV. 9199 PGG, 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)) (internal quotation marks and citations omitted). A plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim." *Varela v. Demmon*, 491 F.Supp.2d 442, 447 (S.D.N.Y. 2007); *Veloz v. New York*, 339 F.Supp.2d 505, 514 (S.D.N.Y. 2004). The defendants bear the burden of demonstrating that Plaintiff's claim is not exhausted. *Key v. Toussaint*, 660 F.Supp.2d 518, 523 (S.D.N.Y. 2009). "[A] motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted only if 'nonexhaustion is clear from the face of the complaint.'" *Lopez v. Cipolini,* No. 14-CV-2441 KMK, 2015 WL 5732076, at *4 (S.D.N.Y. Sept. 30, 2015) (citing *Lovick v. Schriro*, No. 12–CV–7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014) (alterations and internal quotation marks omitted)). *See also Lee v. O'Harer*, No. 13–CV–1022, 2014 WL 7343997, at *3 (N.D.N.Y. Dec. 23, 2014) ("Dismissal under Rule 12(b)(6) for failure to exhaust is appropriate if such failure is evidenced on the face of the complaint and incorporated documents."); *Sloane v. Mazzuca*, No. 04–CV–8266, 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) ("[B]y characterizing non-exhaustion as an affirmative defense, the Second Circuit suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss." (internal quotation marks omitted)).

The Second Circuit has recognized three situations in which a Plaintiff is not required to satisfy the PLRA exhaustion requirement. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).[3] *See also Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012), *aff'd*, 2013

---

[3] While the Second Circuit has left unresolved the continuing vitality of the *Hemphill* exceptions in light of the Supreme Court's ruling in *Woodford v. Ngo, Hemphill* remains good law, and the Court must therefore consider

4

WL 3214625 (2d Cir. 2013). The failure to exhaust administrative remedies may be excused or Plaintiff's claim may be deemed exhausted: (1) when administrative remedies are not available to the prisoner, (2) when the defendants waive the defense by failing to raise or preserve it, or acted in such a manner that they are estopped from raising it, or (3) when special circumstances exist to justify the prisoner's failure to comply with the exhaustion requirement. *Hemphill*, 380 F.3d at 686.

  *1. Availability*

The test for determining the availability of administrative remedies is "an objective one: that is, would 'a similarly situated individual of ordinary firmness' have deemed them available.'" *Hemphill*, 380 F.3d at 688. A remedy must afford "the possibility of some relief for the action complained of." *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004). "In some circumstances, a defendant's behavior will render an administrative remedy unavailable." *Sloane v. Mazzuca*, No. 04-CV-8266, 2006 WL 3096031 at *6 (S.D.N.Y. Oct. 31, 2006) (citing *Hemphill*, 380 F.3d at 687).

In the instant case, Plaintiff alleges that he was denied grievance forms and therefore could not file a claim. (*Compl.* at 4.) However, a denial of grievance forms does not, in itself, make administrative remedies unavailable. *Silvagnoli v. Figueroa*, No. 12 CIV. 7761 AT, 2014 WL 4160213, at *4 (S.D.N.Y. Aug. 19, 2014) (holding that an "alleged refusal to give Plaintiff a grievance form does not render administrative remedies unavailable"). *See also Armand v. Simonson,* No. 12-CV-7709 (KMK), 2016 WL 1257972, at *22 (S.D.N.Y. Mar. 30, 2016) ("no argument could be made that administrative remedies were not available to Plaintiff [] by virtue

---

whether any exceptions apply to Plaintiff's failure to exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) (recognizing that *Woodford* called the latter two *Hemphill* exceptions into question but declining to resolve the issue). *But see Messa v. Goord*, 652 F.3d 305, 309–10 (2d Cir. 2011) (treating the *Hemphill* exemptions as good law and finding that a prisoner is not entitled to a jury trial on the issue of whether he has asserted a valid excuse for non-exhaustion).

of her allegation that [] she was ignored by correctional staff in asking for supplies and grievance forms") (alterations omitted); *Indelicato v. Suarez*, 207 F. Supp. 2d 216, 219 (S.D.N.Y. 2002) ("Denial of [grievance] forms ... does not itself constitute a denial of remedies."); *cf. Cruz v. Lee*, No. 14CV4870NSRJCM, 2016 WL 1060330, at *5 (S.D.N.Y. Mar. 15, 2016) (holding that where Plaintiff was denied access to the grievance procedure, he made reasonable efforts to exhaust by writing of a letter to his counselor, speaking to a mental health professional, and writing to the Superintendent and thus remedies may have been unavailable and his failure to exhaust was excused); *O'Connor v. Featherston,* No. 01 CIV. 3251 (HB), 2002 WL 818085 , at *2-3 (S.D.N.Y. Apr. 29, 2002) (holding that plaintiff who was denied requests for forms by unhelpful prison officials but went on to write letters, file and appeal a FOIA request, and make several other inquiries, had made a reasonable attempt to exhaust his administrative remedies); *Ceparano v. Cty. of Suffolk*, No. 10-CV-2030, 2013 WL 6576817, at *5 (E.D.N.Y. Dec. 13, 2013) ("Given [the] plaintiff's failure to make reasonable attempts to file grievances at any time regarding the incidents involving [certain defendants], on an official form or otherwise, his allegation that official grievance forms were unavailable does not excuse his failure to exhaust administrative remedies."). Without further efforts to administratively grieve his claims, Plaintiff's failure to exhaust cannot be excused on the basis that remedies were unavailable to him. *See Cruz,* 2016 WL 1060330, at *5.

    2. *Estoppel*

A defendant may be estopped form asserting an exhaustion defense when he or she takes "affirmative action to prevent [a prisoner] from availing himself of grievance procedures." *Amador*, 655 F.3d at 103 (citing *Ruggiero v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2006)). Such "affirmative action" includes "verbal and physical threats of retaliation, physical

assault, denial of grievance forms or writing implements, and transfers." *Id*. (internal citations omitted). *See also Ziemba v. Wezner*, 366 F.3d 161, 162-63 (2d Cir. 2004) (estopping defendants where they had prevented exhaustion of remedies by beating and threatening the inmate, denying him grievance forms, and transferring him to another prison). The Second Circuit has indicated that the theory of equitable estoppel only applies to estop a defendant from asserting the affirmative defense of non-exhaustion if his *own* actions inhibited the inmate from exhausting. *See Hemphill*, 380 F.3d at 688-89 (emphasis added); *see also Martin v. City of New York*, No. 11 Civ. 600(PKC)(RLE), 2012 WL 1392648, at *7 (S.D.N.Y. Apr. 20, 2012). Where a plaintiff does not allege that a defendant was personally involved in the denial of grievance forms and therefore no allegation as to affirmative action exists, the defendant will not be estopped from raising the exhaustion defense. *See Rambert v. Mulkins*, No. 11 CIV. 7421 KPF, 2014 WL 2440747, at *12 (S.D.N.Y. May 30, 2014) (collecting cases). Because Plaintiff has failed to allege that the Defendant was personally involved in the denial of grievance forms, the Defendant is not estopped from raising this defense. *See, e.g., Smith v. City of New York,* No. 12 Civ. 3303, 2013 WL 5434144, at *11 (S.D.N.Y. Sept. 26, 2013) ("[E]stoppel is generally understood to apply only to the defendant whose own actions inhibited the inmate from exhausting.").

      3.  *Special Circumstances*

Finally, the Court must consider any special circumstances that may have frustrated an inmate's grievance. *Hemphill*, 380 F.3d at 686. Generally, when procedural requirements are not clear, are misleading, or are so trivial as to make exhaustion an ordeal, a prisoner's failure to comply may not be fatal to his claims. *See generally Giano*, 380 F.3d at 676; *Hemphill*, 380 F.3d

at 689-90 (2d Cir. 2004). Plaintiff has not alleged any special circumstances that could justify his failure to exhaust.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED, and the Plaintiff's complaint is dismissed. The Court respectfully directs the Clerk to terminate the motion at ECF No. 25 and close the case.

Dated: April 28, 2016
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

8